**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN GOODLOW,<br><br>             Plaintiff,<br><br>       v.<br><br>GOMEZ,<br><br>             Defendant. | Case No. 1:23-cv-00662-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS<br><br>(ECF Nos. 1, 5, 6)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.   Background**

Plaintiff Ivan Goodlow ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On June 13, 2023, the Court screened Plaintiff's complaint and found that Plaintiff stated a cognizable claim against Defendant A. Gomez for excessive force in violation of the Eighth Amendment, but failed to state any other cognizable claims. (ECF No. 5.) The Court ordered Plaintiff to either file a first amended complaint or notify the Court of his willingness to proceed only on the cognizable claims identified by the Court. (*Id.*) On June 20, 2023, Plaintiff notified the Court that he did not wish to file a first amended complaint and was willing to proceed only on the cognizable claim against Defendant A. Gomez identified by the Court. (ECF No. 6.)

## II. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### A. Allegations in Complaint

Plaintiff is currently housed at R.J. Donovan Correctional Facility, in San Diego, California. Plaintiff alleges the events in the complaint occurred while he was housed at California Correctional Institution in Tehachapi, California. Plaintiff names A. Gomez, B-yard Correctional Officer, as the sole defendant. Plaintiff alleges as follows:

> On Sept. 14 or 15 of 2022, I was going to thru depression an [sic] anxiety, an [sic] felt suicidal, so on Sept. 14 or 15, 2022 I told (A. Gomez) I felt suicidal, he ignored me about an hour. I expressed to him that the prison I felt was discriminatory towards me. He then pulled me out of the cell in B-yard about an hour or two hours later in handcuffs to [unintelligible] me in the corridor or hallway or something like, then grabbed me by the throat choking me hard with severe

> pressure for 5 seconds, saying "I could do more, but I am not," he said. I was out of breath. Then I was taken out of the building to the suicide part, where I screamed calling A. Gomez a racist. So they put me in a holding cell for about an hour, then B. Anderson put me on camera for excessive force, and put the (camcorder) on picture angleing [sic] on my neck (and then I end up going suicidal the same day where I was [unintelligent] suicide watch for about a day, then they transferred me out on suicidal to (North Kern) to remain on suicidal because of my psychiatric issue.

(ECF No. 1.) Plaintiff says he was physically and emotionally harmed, and it was traumatizing.

**B.     Discussion**

**1.     Eighth Amendment – Excessive Force**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury . . . [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Id.* (quoting *Whitley v. Albers*, 475 U.S. 1078, 1085 (1986)). Although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident. *Hudson*, 503 U.S. at 9–10; *Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002).

At the pleading stage, Plaintiff states a cognizable claim against Defendant A. Gomez for choking Plaintiff.

3

### 2.     Equal Protection

The Equal Protection Clause requires the State to treat all similarly situated people equally. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). This does not mean, however, that all prisoners must receive identical treatment and resources. *See Cruz v. Beto*, 405 U.S. 319, 322 n.2 (1972); *Ward v. Walsh*, 1 F.3d 873, 880 (9th Cir. 1993); *Allen v. Toombs*, 827 F.2d 563, 568–69 (9th Cir. 1987).

"To prevail on an Equal Protection claim brought under § 1983, Plaintiff must allege facts plausibly showing that ' "the defendants acted with an intent or purpose to discriminate against [them] based upon membership in a protected class,' " (citing *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005)) (quoting *Lee v. City of L.A.*, 250 F.3d 668, 686 (9th Cir. 2001)), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601–02 (2008); *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008); *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008).

To the extent Plaintiff is seeking to allege an equal protection claim for "racist" conduct, Plaintiff has not stated a cognizable equal protection claim. Plaintiff does not allege that he was discriminated against because of his membership in any protected class. He also does not allege factual support that he was intentionally treated differently than other similarly situated inmates without a rational relationship to a legitimate state purpose. Plaintiff has not provided any factual support for this claim. *Fletcher v. Clendenin*, No. 1:22-CV-00249 AWI BAM, 2022 WL 2791480, at *5 (E.D. Cal. July 15, 2022) (Equal Protection claim dismissed for failure to allege factual support for denial of treatment based on membership in a protected class).

### 3.     Verbal Harassment

To the extent Plaintiff claims a violation of rights due to A. Gomez's threats, Plaintiff fails to state a cognizable claim for threats. Allegations of name-calling, verbal abuse, or threats generally fail to state a constitutional claim under the Eighth Amendment, which prohibits cruel and unusual punishment. *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) ("[V]erbal

harassment generally does not violate the Eighth Amendment."), opinion amended on denial of reh'g, 135 F.3d 1318 (9th Cir. 1998); *see also Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (holding that a prisoner's allegations of threats allegedly made by guards failed to state a cause of action). Even in cases concerning "abusive language directed at [a plaintiff's] religious and ethnic background, 'verbal harassment or abuse is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.' " *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) (quoting *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987)) (alterations omitted), abrogated on other grounds by *Shakur v. Schriro*, 514 F.3d 878 (9th Cir. 2008). However, verbal harassment may violate the constitution when it is "unusually gross even for a prison setting and [is] calculated to and [does] cause [plaintiff] psychological damage." *Cox v. Kernan*, 2019 WL 6840136, at *5 (E.D. Cal. Dec. 16, 2019) (alterations in original) (quoting *Keenan*, 83 F.3d 1083 at 1092).

### 4. Housing

In general, prison officials' housing and classification decisions do not give rise to federal constitutional claims encompassed by the protection of liberty and property guaranteed by the Fifth and Fourteenth Amendments. *Montayne v. Haymes*, 427 U.S. 236, 242 (1976) (It is well settled that prisoners have no constitutional right to placement in any particular prison, to any particular security classification, or to any particular housing assignment.); *accord King v. Lemos*, No. 1:20-CV-01837-NONE-BAM (PC), 2021 WL 2038187, at *6 (E.D. Cal. May 21, 2021); *Sanford v. Eaton*, No. 1:20-CV-00792 JLT BAM PC, 2022 WL 1308193, at *9 (E.D. Cal. May 2, 2022), report and recommendation adopted, No. 1:20-CV-00792 JLT BAM PC, 2022 WL 2181782 (E.D. Cal. June 16, 2022) (no right to stop transfer).

### III. Conclusion and Recommendation

Based on the above, the Court finds that Plaintiff's complaint states a cognizable claim against Defendant A. Gomez for excessive force in violation of the Eighth Amendment. However, Plaintiff's complaint fails to state any other cognizable claims.

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's complaint, filed May 1, 2023, (ECF No. 1), against Defendant A. Gomez for excessive force in violation of the Eighth Amendment; and
2. All other claims be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

* * *

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 23, 2023**          /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE